IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| RONNIE P. DEWEESE : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 2:13-CV-00059-RWS |
| JPMORGAN CHASE BANK, : | |
| N.A.; STATE FARM BANK, FSB; : | |
| and JOHN DOES 1-5, : | |
| : | |
| Defendants. : | |

**ORDER**

This case comes before the Court on Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss [4], Plaintiff Ronnie P. DeWeese's Motion for Extension of Time [9], Defendant State Farm Bank, FSB's Motion to Dismiss [13], Plaintiff's Motion to Remand to State Court [14], and Plaintiff and Defendant JPMorgan Chase Bank's Joint Stipulation Extending Responsive Pleading Deadlines [16]. After reviewing the record, the Court enters the following Order.

**Background**

Plaintiff initiated this action in Gilmer County Superior Court challenging Defendants' authority to foreclose on Plaintiff's residential property located at 196 Madonna Court, Ellijay, Georgia ("Property"). (Compl., Dkt. [1-1].) Plaintiff

seeks legal and equitable relief based on allegations that Defendants made loans on "predatory" terms "designed from the outset to ultimately deprive the Plaintiff of his property." (Id. ¶¶ 21, 104.)

On October 22, 2007, Plaintiff executed a promissory note and security deed in favor of Washington Mutual, F.A. ("WaMu") to secure a $778,000 refinancing of his Property. (Dkt. [1-1] ¶ 15.) He thought it was "a safe and reliable mortgage loan" based on representations by WaMu loan officers, (id. ¶ 38) but he alleges that WaMu failed "to properly underwrite and provide [him] with financing designed for his needs" and sold him a predatory loan he did not understand. (Id. ¶¶ 38, 66.)

In September 2008, the Office of Thrift Supervision declared WaMu insolvent and appointed the Federal Deposit Insurance Corporation ("FDIC") as Receiver for WaMu. (See Purchase and Assumption Agreement, Dkt. [4-3] at 6.)[1] On September 25, 2008, Defendant JPMorgan Chase Bank, N.A. ("Chase") purchased certain WaMu assets from the FDIC Receiver pursuant to a Purchase & Assumption Agreement. (Id.) Under that agreement, Chase received "all right,

---

[1]The Court may take judicial notice of public records without converting the instant motions into motions for summary judgment. Universal Express, Inc. v. SEC, 177 F. App'x 52, 53 (11th Cir. 2006).

title, and interest of the Receiver in and to all of [WaMu's] assets," including Plaintiff's security deed for the Property. (Id. § 3.1.) The assignment of the security deed in favor of Chase was recorded in Gilmer County's property records on March 6, 2013. (Dkt. [4-4].) Plaintiff, however, states that Chase does not possess the note and is thus "a mere servicer of the loan obligation." (Dkt. [1-1] ¶ 77.)

On January 29, 2008, three months after obtaining the WaMu mortgage, Plaintiff sought a second mortgage on the Property in the amount of $150,000 from Defendant State Farm Bank, FSB ("State Farm Bank"). (Id. ¶ 15.) Plaintiff provided personal financial information to State Farm Bank, including information about the WaMu loan. (Id. ¶ 95.) He also gave State Farm Bank the WaMu promissory note and security deed. (Id.) Plaintiff alleges that the bank made a "grossly predatory loan" that "exceeded any rational ability that the Plaintiff had to repay the debt." (Id. ¶ 99.) He further alleges that his "existing financial circumstances did not warrant further or additional debt placed on the real property," and that the loan "was destined to fail, go into default, force the Plaintiff into Bankruptcy or insolvency, and finally into foreclosure." (Id. ¶ 98.)

3

Nevertheless, State Farm Bank granted him the loan, and the security deed for that loan was recorded in the Gilmer County records on February 11, 2009.  (Id. ¶ 101.)

Plaintiff subsequently defaulted on both loans.  On October 19, 2010, Plaintiff sued Chase in a separate federal action alleging violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.  DeWeese v. JPMorgan Chase Bank, No. 1:10-CV-03866-ODE-RGV (N.D. Ga. Feb. 10, 2011).  On January 13, 2011, District Judge Orinda D. Evans granted Chase's motion to dismiss with prejudice because Chase was not liable under the Purchase and Assumption Agreement to any borrower for claims related to loans that WaMu made before September 25, 2008, and in any event the claims failed on the merits.  Id. at 9-14.

Plaintiff then filed this action against both Chase and State Farm Bank on November 28, 2012, in Gilmer County Superior Court.  Chase timely removed the case to this Court pursuant to 28 U.S.C. § 1441 alleging diversity of citizenship jurisdiction.  (Dkt. [1-3].)  As to both Defendants, Plaintiff asks the Court to grant (1) a declaratory judgment; (2) injunctive relief; (3) quiet title; and (4) cancellation of fraudulent documents; and seeks damages for (5) intentional infliction of emotional distress; (6) breach of contractual duties of good faith and fair dealing; (7) negligence; and (8) slander of title.  (Dkt. [1-1] ¶¶ 127-183.)  Plaintiff further

petitions the Court to (9) grant attorney's fees and expenses of litigation. (Id. ¶¶ 184-187.) Plaintiff moves to remand this matter to state court by challenging the Court's "jurisdiction over state foreclosures." (Dkt. [14-1] at 7.) Defendant Chase moves for dismissal under Rule 12(b)(6) for failure to state a claim. (Dkt. [4].) Finally, Defendant State Farm Bank moves to dismiss Plaintiff's Complaint for insufficient service of process under Rule 12(b)(5) and for failure to state a claim. (Dkt. [13].)

## Discussion

As a preliminary matter, Plaintiff's Motion for Extension of Time [9] is **GRANTED,** *nunc pro tunc* to April 13, 2013, and Plaintiff and Defendant Chase's Joint Stipulation Extending Responsive Pleading Deadlines [16] is **GRANTED,** *nunc pro tunc* to April 26, 2013.

### I.     Plaintiff's Motion to Remand

A defendant may remove from state court to federal court any civil action "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). On a motion to remand, the proponent of federal jurisdiction has the burden of establishing original jurisdiction for the removal. Miedema v. Maytag Corp., 450 F.3d 1322, 1330 (11th Cir. 2006). Removal is allowed "where

original jurisdiction exists at the time of removal." Moore v. N. Am. Sports, Inc., 623 F.3d 1325, 1329 (11th Cir. 2010) (internal quotes and citation omitted). "[Federal] courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a).

Plaintiff asserts that removal was improper for two primary reasons: (1) the Court lacks subject matter jurisdiction and (2) State Farm Bank did not consent to removal. First, the Court concludes that the requirements for diversity jurisdiction under 28 U.S.C. § 1332(a) are met because the parties are diverse and the amount in controversy exceeds $75,000. Therefore, even though Plaintiff is correct that there is no federal question in this case, the Court has subject matter jurisdiction pursuant to § 1332(a).

A party may also move for remand when there was a procedural defect in the removal process. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." 28 U.S.C. § 1447(c). State Farm Bank did not join the Notice of Removal, so Plaintiff argues that removal was procedurally flawed because "the law is well settled that in cases involving multiple defendants, all

defendants must consent to the removal of a case to federal court." Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1049 (11th Cir. 2001). Plaintiff moved for remand on April 22, 2013, 33 days after Chase's March 20 removal. Therefore, Plaintiff's motion was untimely and is due to be denied. Even if it had been timely, however, the Court finds that State Farm Bank is not required to consent because it has not been served.[2] See Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1208 (11th Cir. 2008) (holding that "a defendant has no obligation to participate in any removal procedure prior to his receipt of formal service of judicial process"). Accordingly, Plaintiff's Motion to Remand [14] is **DENIED**.

## II. Motion to Dismiss Legal Standard

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in

---

[2]State Farm Mutual Automobile Insurance Co.'s registered agent in Georgia was served instead. (Dkt. [13-2].) Contrary to Plaintiff's arguments, State Farm Bank is a separate legal entity without a registered agent in Georgia. (See Dkt. [17-1].) While the entities do share a mailing address in Illinois, "[t]hat corporations share a mailing address and officers is not sufficient basis for 'piercing the corporate veil' or concluding that one or more of the corporate entities is a 'shell.' " Ciprotti v. United Inns, Inc., 433 S.E.2d 585, 587 (Ga. Ct. App. 1993).

the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 550 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

### III. Chase's Motion to Dismiss

#### A. Res Judicata

Chase argues that the February 10, 2011 dismissal of Plaintiff's earlier suit for failure to state a claim bars this action under the doctrine of res judicata. In the Eleventh Circuit, prior litigation " 'will bar a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same.' " Jang v. United Techs. Corp., 206 F.3d 1147, 1149 (11th Cir. 2000) (quoting Israel Disc. Bank, Ltd. v. Entin, 951 F.2d 311, 314 (11th Cir. 1992)). Moreover, "[r]es judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).

First, the District Court's jurisdiction was proper and the parties are identical in both suits. Furthermore, a motion to dismiss with prejudice for failure to state a claim operates as a final judgment on the merits. Lobo v. Celebrity Cruises, Inc., 704 F.3d 882, 893 (11th Cir. 2013). Finally, a cause of action is the same for res judicata purposes if it "arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action." In re Piper

Aircraft Corp., 244 F.3d 1289, 1297 (11th Cir. 2001).  "Claims are part of the same cause of action when they arise out of the same transaction or series of transactions."  In re Justice Oaks II, Ltd., 898 F.2d 1544, 1551 (11th Cir. 1990).  Plaintiff's prior lawsuit claimed that Chase violated TILA by making inaccurate disclosures about finance charges regarding the same loan and same Property in this case.  The Court concluded that Chase had not assumed liability for WaMu loans made before September 25, 2008.  DeWeese v. JPMorgan Chase Bank, No. 1:10-CV-03866-ODE-RGV, at 9 (N.D. Ga. Feb. 10, 2011).  Plaintiff's present action against Chase makes similar allegations of deceit and "predatory lending practices."  These claims are barred by res judicata, but Plaintiff makes additional claims related to wrongful foreclosure that were not raised in the earlier suit.  Chase argues that Plaintiff could have raised any claims related to the foreclosure in his earlier TILA action, but Plaintiff contends that his new claims arise from a different nucleus of operative fact because they concern "actions that had not yet taken place" when the previous suit was dismissed.  (Pl.'s Br., Dkt. [10] at 9.)  It is not clear from the Complaint whether the foreclosure proceedings began before or after the first lawsuit.  But even assuming res judicata does not apply, Plaintiff's claims are due to be dismissed for the reasons that follow.

B.   Chase's Standing to Foreclose

Plaintiff seeks relief on several bases related to Chase's alleged lack of standing to foreclose on the Property.  He seeks to quiet title in his favor and to cancel fraudulent documents in addition to alleging slander of title.  Plaintiff argues that Chase does not hold the original note, which Plaintiff believes was destroyed.  (Id. at 12-18.)  Therefore, he alleges that Chase is not a secured creditor and did not comply with O.C.G.A. § 44-14-162.2, which requires a secured creditor to notify a debtor of the initiation of foreclosure proceedings no later than 30 days before the proposed foreclosure sale.  Chase deems Plaintiff's assertions "threadbare, unsupported allegations" that fail to call into question Chase's purchase of the note under the Purchase and Assumption Agreement.  (Chase's Reply Br., Dkt. [21] at 5-6.)  Moreover, Chase argues that Georgia law does not require production of the original note to initiate foreclosure.  (Id.)

The Supreme Court of Georgia recently rejected the "splitting of note and deed" theory that Plaintiff advances.  You v. JP Morgan Chase Bank, N.A., 743 S.E.2d 428, 433 (Ga. 2013).  The Court held that "the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest

in the debt obligation underlying the deed." Id.  Consequently, even if Chase does not possess the note, it does hold the security deed (see Assignment of Security Deed, Dkt. [4-4]) and thus has standing to foreclose.

### C. Quiet Title

Furthermore, Plaintiff has failed to satisfy the pleading requirements of Georgia's Quiet Title Act, O.C.G.A. § 23-3-61 et seq.  Under the Act, a petition for quiet title must contain "a specification of the petitioner's interest in the land, a statement as to whether the interest is based upon a written instrument . . ., and, if the proceeding is brought to remove a particular cloud or clouds, a statement as to the grounds upon which it is sought to remove the cloud or clouds." O.C.G.A. § 23-3-62(b).  The Act further requires petitioner to, among other steps, file "a plat of survey of the land . . ." and "contemporaneously file with the clerk of the court a notice for record in the lis pendens docket . . . ." O.C.G.A. §§ 23-3-62(c), (d). Plaintiff failed to file the required plat of survey of the land to which Plaintiff seeks to quiet title.  Plaintiff also failed to file a notice of lis pendens as required by O.C.G.A. § 23-3-62(d).  Accordingly, Plaintiff's quiet title claim fails.

D.   Slander of Title

Plaintiff claims that his title is slandered because the assignment of the security deed to Chase was fraudulent, and yet Chase falsely represented on the foreclosure notice that it was a secured creditor. To state a slander of title claim, "the plaintiff must allege and prove the uttering and publishing of the slanderous words; that they were false; that they were malicious; that he sustained special damage thereby; and that he possessed an estate in the property slandered." Latson v. Boaz, 598 S.E.2d 485, 487 (Ga. 2004). General allegations are inadequate; these elements must be pled fully and distinctly. Id. Plaintiff cannot establish that the foreclosure notice contained false information because, as found above, You makes it clear that Chase has the authority to foreclose. Nor has he alleged special damages. This claim is thus dismissed.

D.   Cancellation of Fraudulent Documents

Plaintiff requests that the Court cancel the assignment of the security deed to Chase because the assignment was allegedly fraudulent. The Court rejects this request because, while Plaintiff has generally alleged fraud, his allegations fail to satisfy Rule 8's pleading standards. In addition, Plaintiff's argument that Chase failed to pay the real estate transfer tax required by O.C.G.A. § 48-6-1 does not

13

support his fraudulent assignment allegations. O.C.G.A. § 48-6-1 expressly does not apply to "[a]ny instrument or writing given to secure a debt." O.C.G.A. § 48-6-2(a)(1). Finally, Plaintiff's allegations of "robo signing" are unavailing because "there is no such cause of action in Georgia." Wilson v. JP Morgan Chase Bank, N.A., No. 2:11-CV-00135-RWS, 2012 WL 603595, at *4 (N.D. Ga. Feb. 24, 2012) (citing Reynolds v. JPMorgan Chase Bank N.A., No. 5:11-CV-311-MTT, 2011 WL 5835925, at *3 (M.D. Ga. Nov. 21, 2011)).

### E. Breach of the Implied Duty of Good Faith and Fair Dealing

Plaintiff's claim of breach of the implied duty of good faith and fair dealing is due to be dismissed because it appears to arise from WaMu's actions before the assignment of the security deed to Chase. It is thus barred by res judicata because it could have been raised in Plaintiff's first TILA action. Furthermore, Plaintiff has not brought a breach of contract claim, which is necessary under Georgia law if he wishes to state a claim for breach of the implied covenant of good faith and fair dealing. See Morrell v. Wellstar Health Sys., Int., 633 S.E.2d 68, 72 (Ga. Ct. App. 2006) ("Although each contract . . . contain[s] an implied covenant of good faith and fair dealing in the performance of the contract, there is no independent cause

of action for violation of the covenant apart from breach of an express term of the contract.").

F.   Intentional Infliction of Emotional Distress

To establish a claim for intentional infliction of emotional distress, a plaintiff must prove that:

> (1) the conduct giving rise to the claim was intentional or reckless; (2) the conduct was extreme and outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. The defendant's conduct must be so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law.

Frank v. Fleet Finance, Inc. of Ga., 518 S.E.2d 717, 720 (Ga. Ct. App. 1999) (internal citations and quotation marks omitted). In support of his claim, Plaintiff asserts that Chase's actions as described in the Background, *supra*, "constitute an extreme outrage." (Compl., Dkt. [1-1] ¶ 151.) The Court disagrees. Chase's actions do not rise to the intolerable level of outrageousness required to sustain an intentional infliction of emotional distress claim under Georgia law.

F.  Negligence

Plaintiff's negligence claim appears to relate to duties arising from contract. Under Georgia law, however, a tort claim requires an "unlawful violation of a private legal right other than a mere breach of contract, express or implied." O.C.G.A. § 51-1-1. Because Plaintiff has not adequately alleged that Chase owed him any legally recognized duty beyond their contractual relationship, his negligence claim must be dismissed.

G.  Injunctive and Declaratory Relief

Because Plaintiff's claims fail on the merits, his requests for injunctive and declaratory relief are due to be denied.

For the foregoing reasons, Defendant Chase's Motion to Dismiss [4] is **GRANTED**.

**IV.  State Farm Bank's Motion to Dismiss**

Plaintiff also names State Farm Bank in all of the claims against Chase discussed above. While State Farm Bank has raised the defense of insufficient service of process, it requests that the Court address its Motion to Dismiss [13] on the merits. (State Farm Bank's Reply, Dkt. [23] at 1-2.) Accordingly, the Court assesses each of Plaintiff's claims against State Farm Bank.

16

### A. Predatory Lending

Plaintiff has not specifically asserted a predatory lending claim against State Farm Bank, but many of the factual allegations accuse the bank of making a predatory loan. To the extent that Plaintiff attempts to assert a predatory lending claim, however, that claim must be dismissed because he has not pointed to any statute that provides relief on this ground. See Sampson v. Washington Mut. Bank, 453 F. App'x 863, 868 (11th Cir. 2011) (stating that the plaintiff had "point[ed] to no legal authority creating a 'predatory lending' cause of action"); Hill v. Saxon Mortg. Servs., Inc., 1:09-CV-1078-RLV, 2009 WL 2386057, at *1 (N.D. Ga. May 14, 2009) (dismissing a predatory lending claim because the plaintiff had cited no authority providing relief for such claim).

### B. Quiet Title, Slander of Title, and Cancellation of Fraudulent Documents

Plaintiff's allegations relating to his title to the Property fail to state a claim. First, Plaintiff argues that he has fulfilled all of the requirements for a quiet title action. However, the quiet title claim suffers from the defects described in Part III.C., *supra*, because Plaintiff did not file a plat of survey or a notice of lis pendens. Next, State Farm Bank is correct that Plaintiff's slander of title claim

must also be dismissed because he has not pled special damages, a required element for slander of title. Finally, Plaintiff's request for the cancellation of fraudulent documents fails because those allegations pertain to the assignment of the security deed in Chase's favor. State Farm is mentioned nowhere in those allegations. (See Compl., Dkt. [1-1] at ¶¶ 178-183.)

### C.   Breach of the Implied Duty of Good Faith and Fair Dealing

Because Plaintiff has not stated a breach of contract claim against State Farm Bank, he cannot independently raise a claim for breach of the implied covenant of good faith and fair dealing.

### D.   Intentional Infliction of Emotional Distress

As the Court found above, none of the allegations of wrongdoing—by either Chase or State Farm Bank—rises to the level of extreme and outrageous behavior required to state an intentional infliction of emotional distress claim. Therefore, this claim is also dismissed as to State Farm Bank.

### E.   Negligence

Plaintiff has not identified a legally recognized duty that State Farm Bank breached. Any duty State Farm Bank had arose from contract and is not actionable as a tort claim. And while some of Plaintiff's factual allegations against State

Farm Bank imply that a fiduciary relationship existed between them, Georgia courts are clear that there is no confidential relationship creating a fiduciary duty between mortgagor and mortgagee because "they are creditor and debtor with clearly opposite interests." Moore v. Bank of Fitzgerald, 483 S.E.2d 135, 139 (Ga. Ct. App. 1997). Accordingly, Plaintiff's negligence claim is dismissed.

    F.    Declaratory and Injunctive Relief

Because Plaintiff's claims against State Farm Bank fail on the merits, Plaintiff is not entitled to injunctive or declaratory relief.

Plaintiff's Complaint [1-1] fails to state any claims for relief against State Farm Bank. Therefore, Defendant State Farm Bank's Motion to Dismiss [13] is **GRANTED**.

## Conclusion

Based on the foregoing, Plaintiff's Motion for Extension of Time [9] is **GRANTED,** *nunc pro tunc* to April 13, 2013, and Plaintiff and Defendant Chase's Joint Stipulation Extending Responsive Pleading Deadlines [16] is **GRANTED,** *nunc pro tunc* to April 26, 2013.

Finally, Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss [4] is **GRANTED**, Defendant State Farm Bank, FSB's Motion to Dismiss [13] is

**GRANTED**, and Plaintiff Ronnie P. DeWeese's Motion to Remand to State Court [14] is **DENIED**.  Plaintiff's Complaint [1-1] against Defendant JPMorgan Chase Bank, N.A. and Defendant State Farm Bank FSB is accordingly **DISMISSED**. As the John Doe Defendants have not been identified, the Clerk is directed to close the case.

    **SO ORDERED**, this  25th  day of November, 2013.

                                      **RICHARD W. STORY**
                                      United States District Judge